IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
MOSHE AZOULAY                                   :             3:12 CV 1693 (JBA)
:
V.                                              :
:
ALLSTATE INSURANCE CO.                          :
:             DATE: OCTOBER 11, 2013
---------------------------------------------------------x

RULING ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT

On or about September 27, 2012, plaintiff Moshe Azoulay filed a Complaint, pro se, in the Superior Court, Stamford-Norwalk Judicial District, and on November 30, 2012, defendant Allstate Insurance Company ["defendant Allstate"] removed that Complaint to this Court. (Dkt #1, Exh. 1, Complaint). In his Complaint, in which he named Allstate and the Federal Emergency Management Agency ["FEMA"] as defendants, plaintiff alleges that Allstate improperly denied a claim for damages to his Westport, Connecticut residence caused by Tropical Storm Irene in August 2011. (Id.). On December 12, 2012, defendant Allstate filed its Answer, with affirmative defenses. (Dkt. #8). On January 3, 2013, defendant FEMA filed a Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim (see Dkts. ##12-16, 20), which motion was granted on February 19, 2013 by U.S. District Judge Janet Bond Arterton. (Dkts. ##19-20).

On April 18, 2013, plaintiff filed the pending Motion to Amend his Complaint to add as a defendant, David Gonzalez, the Allstate insurance agent who sold plaintiff his insurance policy. (Dkt. #24).[1] On May 8, 2013, defendant Allstate filed its brief in opposition (Dkt. #27), and on

---

[1] Attached to plaintiff's Motion to Amend, captioned, "Amended Notice of Motion[,]" is an Affidavit of Moshe Azoulay, sworn to April 16, 2013 ["Plaintiff Aff't"].

June 27, 2013, plaintiff filed his reply brief. (Dkt. #31).[2] On August 20, 2013, Judge Arterton referred this motion to this Magistrate Judge. (Dkt. #32).

For the reasons stated below, plaintiff's Motion to Amend (Dkt. #24) is <u>denied</u>.

## I. DISCUSSION

Plaintiff's allegations are as follows:  Plaintiff, the owner of a private residence in Westport, CT, has a Standard Flood Insurance Policy ["SFIP"], No. 3800541462, with defendant Allstate that he purchased through Allstate's agent David Gonzalez.  (Complaint at 1; <u>see also</u> Answer at 2; Dkt. #13, Exh. 1).  In August 2011, plaintiff's property was damaged during Hurricane Irene, when his property was "under [two and a half] feet of water and the crawl space was under [three] feet of water."  (Complaint at 1).  According to plaintiff, the damage included personal property in a crawl space, a central air conditioning pump, crawl space insulation, miscellaneous items, and outdoor items including a fence, gate, walkway, driveway and patios.  (<u>Id.</u>).  Plaintiff alleges in his Complaint that Allstate did not reimburse plaintiff for damages caused by the flood conditions, in the amount of $38,083.  (<u>Id.</u> at 1-3).

In his Motion to Amend, plaintiff avers that Gonzalez, whom he seeks to add as a defendant, sold plaintiff his insurance policy, and in his role as an agent for defendant Allstate, "assured" plaintiff that if his property was flooded, "the damages inside and outside of [his] home would be covered under that insurance."  (Plaintiff Aff't ¶ 3; Complaint at 1).  Accordingly, plaintiff seeks leave to amend his Complaint to add Gonzalez as a defendant as he "misrepresented to the [p]laintiff the extent of his coverage."  (Plaintiff Aff't ¶¶ 4-5; Plaintiff Reply Aff't ¶¶ 5-6).

In its brief in opposition, defendant Allstate asserts that the proposed amendment to add Gonzalez, plaintiff's insurance agent, is futile under the law governing plaintiff's participation in the

---

[2]Plaintiff's reply is a second affidavit, sworn to June 25, 2013 ["Plaintiff's Reply Aff't"].

2

National Flood Insurance Program. (Dkt. #27, at 1-7, 8-17).

### A. STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading after a responsive pleading is served, "only by leave of court . . . ; and leave shall be freely given when justice so requires."  When ruling on a motion to amend, the Second Circuit considers the five factors enunciated by the U.S. Supreme Court in Foman v. Davis, 371 U.S. 178, 182 (1962): (1) undue delay; (2) bad faith or dilatory motive on the part of movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment.  See Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir. 1998), citing Foman, 371 U.S. at 182.

"The Court of Appeals has repeatedly noted that the trial court has broad discretion in ruling on a motion to amend." Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 96 (S.D.N.Y. 2010)(multiple citations omitted); see Messier v. Southbury Training School, 3:94 CV 1706 (EBB) 1999 WL 20907, at *3 (D. Conn. Jan. 5, 1999)(the "propriety of granting a motion to amend remains within the sound discretion of the district court.")(citations omitted).  Leave to amend may therefore "be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim[,]" AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A., 626 F.3d 699, 726 (2d Cir. 2010)(citation omitted), or if the proposed amendment does not "add any new timely or valid claims." Gosain v. State Bank of India, 414 F. App'x 311, 315 (2d Cir. 2011).

In this case, plaintiff's proposed amendment is to add a new party. Thus, the motion "is technically governed" by Rule 21 of the Federal Rule of Civil Procedure, rather than Rule 15(a); Rule 21 provides that "the court may at any time, on just terms, add or drop a party[.]" Duling, 265 F.R.D. at 96 (citation & internal quotations omitted);  Fed. R. Civ. P. 21.  "However, the same

standard of liberality applies under either Rule." Duling, 265 F.R.D. at 96-97 (multiple citations & internal quotations omitted).

### B. THE NATIONAL FLOOD INSURANCE PROGRAM

The National Flood Insurance Program ["NFIP"] was created in 1968 by the National Flood Insurance Act ["NFIA] in order to make it more economic for the private insurance industry to make flood insurance available to those who need it, "on reasonable terms and conditions." 42 U.S.C. § 4001(b).  NFIP is administered by FEMA, and is "supported by the federal treasury, which pays for claims that exceed revenues collected by private insurers from flood insurance premiums." Palmieri v. Allstate Ins. Co., 445 F.3d 179, 183 (2d Cir. 2006)(citation omitted).  Thus, "an insured's flood insurance claims are ultimately paid by FEMA." Gibson v. Am. Bankers Ins. Co., 289 F.3d 943, 947 (6th Cir. 2002), quoting Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 166-67 (3d Cir. 1998).

FEMA is authorized to "prescribe regulations establishing the general method or methods by which proved and approved claims for losses may be adjusted and paid for any damage to or loss of property which is covered by flood insurance[.]" 42 U.S.C. § 4019(a).  "Pursuant to its authority under 42 U.S.C. § 4081(a), FEMA created the WYO [Write Your Own] Program, which allows private insurers . . . to issue and administer flood-risk policies under the NFIP." Jacobson v. Metro. Prop. & Cas. Ins. Co., 672 F.3d 171, 174-75 (2d Cir. 2012)[3]; see also 44 C.F.R. Pt. 62, App. A (private insurance companies participate as WYO Program carriers authorized to issue SFIPs).[4]  "After a WYO company depletes its net premium income, FEMA reimburses the company

---

[3]"This regulatory scheme, including the terms and exact language of the SFIP [issued by WYO companies], is recorded in" 44 C.F.R. §§ 61.1-78.14. Jacobson, 672 F.3d at 174.

[4]In issuing and administering SFIPs, insurers act as "fiscal agents of the United States," 42 U.S.C. § 4071(a)(1), and "therefore must strictly enforce the provisions set out in the regulations, varying the terms of the policy only with FEMA's express written consent." Jacobson, 672 F.3d at 175 (citations omitted). See also McGair v. Am. Bankers Ins. Co. of Florida, 693 F.3d 94, 96 (1st Cir. 2012).

for the company's claims payments." Gibson, 289 F.3d at 947, quoting Van Holt, 163 F.3d at 166-67, citing 44 C.F.R. Pt. 62, App. A, Art. IV (A).  "Thus, a lawsuit against a WYO company[,]" like defendant Allstate in this case, "is, in reality, a suit against FEMA."  Id.

The Second Circuit recently explored the NFIP in Jacobson in the context of an insured's appeal of a denial of his claim. In that case, the plaintiff purchased an SFIP from defendant Metropolitan in its capacity as a WYO Program carrier. Jacobson, 672 F.3d at 172. The plaintiff's property was subsequently damaged by flooding "of 'historic' proportion[,]", and both FEMA and Metropolitan issued denials for his claims for additional recovery – Metropolitan on the basis of an "incomplete proof-of-loss statement," and FEMA on the basis of coverage sought for "damage specifically excluded by the policy." Id. at 176.  In rejecting plaintiff's argument that the SFIP must be interpreted like any private insurance contract, allowing the plaintiff the benefit of a more liberal interpretation of the proof-of-loss requirement with which he failed to comply, the Second Circuit explained that SFIPs are government insurance contracts that "must be strictly construed and enforced." Id. at 175-76 (multiple citations omitted). The Second Circuit explained further, "when private parties make demands on the public fisc, different principals are at stake.  Where federal funds are implicated, the persons seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." Id. at 175 (citation omitted).  While "principles unique to governmental insurance policies that require a strict construction . . . can sometimes create ostensibly inequitable results," id. at 176, courts have a duty to abide by "conditions defined by Congress for charging the public treasury." Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380, 385 (1947) ["Merrill"].

As defendant Allstate accurately states, insureds with coverage under SFIPs have a duty to know the details of these policies regardless of misrepresentations made by the insurer and its agents, because the policies are codified under federal law, thereby giving policyholders

constructive notice of the terms. (Dkt. #27, at 10-13, citing Merrill, 332 U.S. at 383-85). Thus, participants in a federal insurance program are charged with the knowledge of the terms and conditions of that program. The seminal case addressing a claim of detrimental reliance in the context of a federal insurance program is the Merrill case. In Merrill, the U.S. Supreme Court held that although the farmer policyholders reasonably believed, based on what they were told by their local insurance agent, that their property was covered by their insurance, "the terms and conditions of the Wheat Crop Insurance Regulations were binding on all who sought to come within the Federal Crop Insurance Act, regardless of actual knowledge of what is in the Regulations or of the hardship resulting from innocent ignorance." 332 U.S. at 383-85. Almost four decades after Merrill was decided, the U.S. Supreme Court expanded Merrill's holding in Heckler v. Cmty. Health Servs of Crawford Cnty, Inc., 467 U.S. 51, 64 (1984), holding that a participant in a government insurance program has a "duty to familiarize itself with the legal requirements for cost reimbursement." In that case, the Government was not estopped from recovering funds provided for health care services to Medicare beneficiaries simply because the respondent relied on the express authorization of a responsible Government agent in making the expenditures. Id. at 59-66. As the Supreme Court held, where a plaintiff uses a federally funded, codified program, he "ha[s] a duty to familiarize itself with the legal requirements for cost reimbursement." Id. at 64. Thus, in accord with this Supreme Court precedent, despite the representations of Gonzalez in his role as an insurance agent for Allstate, plaintiff is charged with the knowledge of the terms and conditions of his coverage under his SFIP; any claim against Gonzalez alone is futile.

Additionally, while the Second Circuit has not addressed agent misrepresentation in the context of the NFIP, other circuit and district courts have held that an NFIP insured may not reasonably rely on representations by an agent or broker as the provisions of the SFIP are controlling. See Richmond Printing LLC v. Director, FEMA, 72 F. App'x 92, 97-98 (5th Cir.

2003)("any reliance on statements made by the adjuster that contradicted the terms of the SFIP is unreasonable as a matter of law" and the plaintiff-insured "had a duty to read the policy and acted unreasonably in relying on adjusters provided only as a 'courtesy' to complete a task which was the insured's own responsibility")[5]; Davis v. Nationwide Mut. Fire Ins. Co., 783 F. Supp. 2d 825, 836-37 (E.D. Va. 2011)("[a]s a matter of law, [p]laintiff cannot establish that he reasonably relied on any representations by [d]efendant or any . . . agent[,]" as plaintiff "had constructive notice of the policy terms")(citations omitted); Sitaram, Inc. v. New Hampshire Ins. Co., 771 F. Supp. 2d 624, 629 (W.D. La. 2011)(an "insured cannot rely upon the representation of an agency or a WYO insurer concerning the terms of a SFIP[]")(citation omitted); Bull v. Allstate Ins. Co., 649 F. Supp. 2d 529, 540-41 (W.D. La. 2009)(plaintiffs' decision to take the agent on her word and not consult Title 44 of the C.F.R. was a "decision made on [their] own volition[,]" precluding liability by the agent or Allstate).[6]

Moreover, even if plaintiff is asserting that Gonzalez's misrepresentation is imputed to defendant Allstate, based on the terms of the SFIP, the result does not change as the "structure of the NFIP precludes the imputation of any claims against [the insurance agent] to Allstate." Bull, 649 F. Supp. 2d at 541-43. Specifically, to the extent that plaintiff intends to assert a state law claim for negligent misrepresentation against Allstate, a WYO Company, that claim relates to policy administration, including policy issuance, and is therefore preempted by federal law. See 42 U.S.C. § 4081(c); 44 C.F.R. § 61.5(e). However, to the extent plaintiff intends to assert a state law claim for negligent misrepresentation by Gonzalez, the individual insurance agent, in connection with the

---

[5]In Richmond Printing, the Fifth Circuit further held that it did not matter that the plaintiff-insured had never received a copy of the policy, because "the SFIP is published in its entirety in the CFR." Id. at 98.

[6]See note 5 supra.

procurement of the flood insurance policy for plaintiff, such a claim would not be preempted by federal law. Davis, 783 F. Supp. 2d at 836 (citations omitted).  In his affidavit with his pending motion, plaintiff avers that, "Mr. David Gonzalez provided me with the policy[,]" (Plaintiff Aff't ¶ 4), and in his reply affidavit, plaintiff avers that "David Gonzalez never provided . . . [p]laintiff with the insurance policy but assured that damages such as those were ulti[m]ately sustained would have been covered." (Plaintiff Reply Aff't ¶ 5).  Even if this claim were not preempted, it would still fail to state a claim for which relief can be granted as plaintiff cannot establish that he reasonably relied on Gonzalez's representations as he had actual and constructive notice of the terms of the SFIP contract, and plaintiff is charged with the duty of understanding the terms of the SFIP. Davis, 783 F. Supp. 2d at 836-37; Sitaram, 771 F. Supp. 2d at 629-30; see also Deverant v. Selective Ins. Co. Inc., No. Civ. A. 02-3801, 2004 WL 1171333, at *1 (E.D. Pa. 2004)(in granting defendant's motion to dismiss plaintiff's amended complaint, the court explained that plaintiff's fraud and negligent misrepresentation allegations were "insufficient" as "the insured is charged by law with constructive knowledge of the contents of the SFIP, which is published" in the C.F.R. and "[e]ven assuming that the agent intentionally misrepresented the scope of available coverage under the SFIP . . ., plaintiff was not entitled to rely on those misrepresentations")(footnote omitted).

Accordingly, plaintiff's amendment to add David Gonzalez as a party defendant would be futile.[7]

---

[7]On September 27, 2013, Judge Arterton issued an electronic order under which discovery is to be completed by December 1, 2013, and then referred the case to this Magistrate Judge for settlement after discovery is completed. (Dkt. #35).  Plaintiff and defense counsel should contact this Magistrate Judge's Chambers to schedule a settlement conference for December 2013.

8

II. CONCLUSION

Accordingly, for the reasons stated above, plaintiff's Motion to Amend (Dkt. #24) is denied.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same)**; FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 11th day of October, 2013.

      /s/ Joan G. Margolis, USMJ  
      Joan Glazer Margolis  
      United States Magistrate Judge