IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------x
:
MOSHE AZOULAY                    :        3:12 CV 1693 (JBA)
:
V.                                              :
:
ALLSTATE INSURANCE CO.     :
:        DATE: JANUARY 23, 2014
---------------------------------------------------------x

RULING ON PENDING DISCOVERY DISPUTES

The factual and procedural history behind this litigation is set forth in considerable detail in this Magistrate Judge's Ruling on Plaintiff's Motion for Leave to Amend Complaint, filed October 11, 2013.  (Dkt. #36).  Under the present scheduling order, all discovery is to be completed on or before February 28, 2014, with any dispositive motions to be filed on or before April 30, 2014.  (Dkt. #41, ¶¶ 2, 4).

During the telephonic status conference held on January 14, 2014, the pro se plaintiff and defense counsel agreed to forward to this Magistrate Judge copies of discovery requests, the discovery responses, and the correspondence that concern the outstanding discovery disputes. (Dkt. #41, ¶ 1). Accordingly, on January 17, 2014, defense counsel forwarded to this Magistrate Judge, with a copy to the pro se plaintiff, the following materials, listed in chronological order: (1) copy of defendant's Rule 26(a)(1) Initial Disclosures, dated April 17, 2013, to which was attached a CD containing plaintiff's entire insurance claim file, consisting of 201 pages; (2) plaintiff's letter, dated October 17, 2013; and (3) defense counsel's letter, dated November 6, 2013.[1]

After a careful review of defendant's Initial Disclosures, the contents of the CD, and the two

---

[1] The January 17th letter did not include plaintiff's original Interrogatories, or defendant's responses, dated August 6, 2013.

letters, this Magistrate Judge finds that defendant has adequately responded to plaintiff's Interrogatories Nos. 1, 2, 3, 4, 5, 7 and 8.  However, pursuant to FED. R. CIV. P.  33(b)(1)(B) and 33(b)(5), the supplemental responses should appear in an Amended Response to Plaintiff's Interrogatories, signed by a representative of defendant, as opposed to simply in a letter signed by defense counsel.   These supplemental responses must be served upon plaintiff **on or before February 14, 2014**.

In addition, with respect to Interrogatory No. 6, defendant also shall set forth the reasonable efforts it took to identify the "other adjusters and possibly engineers" who inspected plaintiff's home.  Lastly, with respect to Interrogatory No. 9, to the extent that defendant still maintains information regarding plaintiff's prior claim in its computer system, then it shall provide the amount of the prior settlement to plaintiff, as well as any settlement statement and correspondence with plaintiff that can be reasonably located within its electronic files.   This finding, however, in no way implies that any evidence as to the prior claim would be admissible at trial.[2]

This is not a Recommended Ruling, but a ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of

---

[2]As previously indicated, if the parties believe that a settlement conference before this Magistrate Judge would be productive, they should notify this Magistrate Judge's Chambers accordingly.  (See Dkt. #41, ¶ 3).

Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

Dated at New Haven, Connecticut, this 23rd day of January, 2014.

/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge