UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| MOSHE AZOULAY,<br>    *Plaintiff,*<br>    *v.*<br>ALLSTATE INSURANCE CO.,<br>    *Defendant.* | Civil No. 3:12-cv-1693 (JBA)<br><br>November 12, 2014 |
|---|---|

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This action began in Connecticut Superior Court in September 2012 when pro se Plaintiff Moshe Azoulay sued Defendant Allstate Insurance Co. ("Allstate") seeking damages for breach of contract. (Compl. [Doc. #1-1] at 1). Mr. Azoulay alleged that Allstate had failed to honor his flood insurance policy and had reimbursed him a sum substantially smaller than the amount of damages sustained by his property during Hurricane Irene. (*Id.*) On November 30, 2012, the case was removed [Doc. #1] to this Court. Allstate now moves [Doc. # 54] for summary judgment. For the following reasons, Defendant's motion is granted.

**I.  Background**

**A. Mr. Azoulay's Flood Insurance Policy**

Mr. Azoulay obtained a flood insurance policy from Allstate for a property located at 10 Rowland Place, Westport, Connecticut, effective December 5, 2010 to December 5, 2011. (Compl. at 1; Def.'s Loc. R. 56(a)(1) Stmt. [Doc. #54-5] ¶ 1.) Allstate issued the policy, a Standard Flood Insurance Policy ("SFIP"), in its capacity as a Write-Your-Own ("WYO") Program carrier participating in the federal government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA"). (*Id.*) Under the NFIP and WYO programs, which are administered by the Federal

Emergency Management Agency ("FEMA"), "the federal government provides subsidized flood insurance" via private insurers, such as Allstate. *DeCosta v. Allstate Ins. Co.*, 730 F.3d 76, 81 (1st Cir. 2013); *see* 42 U.S.C. § 4001(b). "FEMA has promulgated regulations under 44 C.F.R. pt. 61 that dictate the terms of the . . . SFIPs, which private insurers can issue on its behalf. By regulation, WYO companies must issue identical SFIPs, and 'no provision of [a SFIP] shall be altered, varied, or waived other than by the express written consent of the Federal Insurance Administrator.'" *DeCosta*, 730 F.3d at 81 (quoting 44 C.F.R. § 61.13(d)) (internal citation omitted).

Every SFIP requires an insured seeking compensation for a loss to send the insurer "[w]ithin 60 days after the loss, . . . a proof of loss, which is [the insured's] statement of the amount [the insured is] claiming under the policy signed and sworn to by [the insured]." 44 C.F.R. pt. 61, app. A(1), art. VII(J)(4). A proof of loss must include the following information:

> a. The date and time of loss;
> b. A brief explanation of how the loss happened;
> c. [The insured's] interest (for example, "owner") and the interest, if any, of others in the damaged property;
> d. Details of any other insurance that may cover the loss;
> e. Changes in title or occupancy of the covered property during the terms of the policy;
> f. Specifications of damaged buildings and detailed repair estimates;
> g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
> h. Details about who occupied any insured building at the time of loss and for what purpose; and
> i. The inventory of damaged personal property described in J.3 above.

*Id.* The SFIP permits insurance companies to reject a policyholder's proof of loss, but it also permits policyholders to appeal such a rejection to FEMA or a federal court. *See* 44 C.F.R. § 62.20; 44 C.F.R. pt. 61, app. A(1), art. VII(R).

**B. Mr. Azoulay's Claims**

Mr. Azoulay's insured property was damaged in August 2011 during Hurricane Irene. (Compl. at 1). On or about August 27, 2011, Mr. Azoulay submitted a claim to Allstate. (Def.'s 56(a)(1) ¶ 4.) Allstate assigned the claim to adjuster Donald Taylor, who inspected Mr. Azoulay's property on September 21, 2011. (Pl.'s Opp'n [Doc. # 58] ¶ 15.) At that time, Mr. Azoulay provided Mr. Taylor with receipts for property cleanup costs totaling $5,000. (*See id.* ¶ 16.) In addition, Mr. Azoulay emailed Mr. Taylor an itemized list of damages to his property and receipts for repairs totaling an additional $35,983. (*See id.* ¶¶ 18–20.) In late November or early December 2011, Mr. Azoulay received a copy of the Proof of Loss statement that Mr. Taylor had completed. (*See id.* ¶ 23.) The statement indicated that Mr. Taylor believed the full cost to repair Mr. Azoulay's covered property was $2,044.61. (Def.'s Suppl. Aff. [Doc. # 60].) Subtracting the $2,000 deductible in Mr. Azoulay's policy, Mr. Taylor concluded that Allstate owed Mr. Azoulay $44.61. (*Id.*)

Mr. Azoulay signed, notarized, and faxed to Allstate the Proof of Loss sent to him by Mr. Taylor, adding in pen next to each of "full cost of repair or replacement," "actual cash value loss," and "net amount claimed," the words "undisputed damages only." (*Id.*) Mr. Azoulay additionally sent Allstate unsigned and unnotarized copies of receipts, itemized damages, and pictures of the damaged property. (*See* Pl.'s Opp'n ¶ 24, and Exs. A–D.) When Mr. Azoulay did not hear back from Allstate regarding his claims in excess of $44.61, he filed this suit, seeking damages in the amount of $38,083.00. (Compl. at 3.)

**II.    Discussion**[1]

---

[1] Summary judgment is appropriate where, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary

Both parties claim that the other failed to abide by the insurance policy. Mr. Azoulay alleges that he was not fully compensated for his losses. (*Id*. at 1–2.) Allstate contends that Mr. Azoulay did not comply with the proof of loss requirement. (Def.'s Mem. Supp. [Doc. # 54-1–54-4] at 2.) Because the SFIP requires policyholders to submit a signed and sworn proof of loss, and the only signed and sworn proof of loss submitted by Mr. Azoulay was for $44.61, Allstate maintains that Mr. Azoulay was only entitled to $44.61. (*See id.*)

In considering this dispute, the Court remains mindful of the fact that Mr. Azoulay's insurance policy "is not an ordinary insurance policy; rather, his SFIP's provisions are also embodied in FEMA's codified regulations, and [their] interpretation . . . is a matter of federal law." *DeCosta*, 730 F.3d at 83 (internal citations omitted). As such, although Allstate is a private insurer, when, as here, it acts in its capacity as a WYO company, it as acting as a "fiscal agent[] of the United States. . . ." *Id.* (quoting 42 U.S.C. § 4071(a)(1)).

As many Circuits, including the Second, have recognized: "Because the federal government is liable for claims brought under SFIPs issued by

---

judgment is sought," *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, the Court may consider depositions, documents, affidavits, interrogatory answers, and other exhibits in the record. Fed. R. Civ. P. 56(c).

private insurers, the Constitution mandates strict compliance with the SFIP." *DeCosta*, 730 F.3d at 83; *see Jacobson v. Metro. Prop. & Cas. Ins. Co.*, 672 F.3d 171, 175 (2d Cir. 2012) (collecting cases). "[W]hen private parties make demands on the public fisc . . . [such parties are required to] act with scrupulous regard for the requirements of the law." *Id.* (internal quotation marks omitted).

The Second Circuit has acknowledged that "[t]he principles unique to governmental insurance policies that require a strict construction of their terms and requirements can sometimes create ostensibly inequitable results," but since "'the National Flood Insurance Program is federally subsidized[,] . . . [r]equiring [policyholders] to turn square corners . . . does not reflect a callous outlook[;] [i]t merely expresses the duty of all courts to observe the conditions defined by Congress for charging the public treasury.'" *Id.* at 176 (quoting *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998)).

In this case, because Mr. Azoulay did not submit a signed and notarized proof of loss for all of the damages he now claims, he failed to strictly comply with the terms of the SFIP. Although it is clear that Mr. Azoulay did submit a signed and notarized proof of loss, that proof of loss claimed only $44.61. His notations of "undisputed damages only" and his attachment of receipts and unsigned and unnotarized lists of itemized damages do not suffice as supplemental proofs of loss because they are neither signed nor notarized, as required by 44 C.F.R. pt. 61, app. A(1), art. VII(J)(4). In a similar case, in which the plaintiff submitted to Allstate the insurer's adjuster's proofs of loss with the term "Undisputed" handwritten by the plaintiff on each, along with a separate, higher estimate from the plaintiff's own adjuster which the plaintiff himself neither signed nor swore to, the First Circuit was unequivocal:

> Strictly construing the SFIP's proof-of-loss provision, it is clear that [the plaintiff] did not sign and swear to claiming $212,071.32 on a proof of loss, as required. Merely attaching his adjuster's estimate of damages to two executed proof-of-loss forms claiming a smaller amount does not comply. The law on this is clear. . . .

*DeCosta*, 730 F.3d at 84.

Whatever the inequities resulting from a strict construction of the SFIP here, this Court does not have the power to override Congress's express intent with regard to the requirements for a claim under the SFIP.

### III. Conclusion

For the foregoing reasons, Allstate's Motion [Doc. # 54] for Summary Judgment is GRANTED. The Clerk is directed to enter judgment and close this case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of November, 2014.